# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT JUDGE RICHARD F. CEBULL and COURT REPORTER JOANN BACHELLER,<br><br>Defendant. | Cause No. CV 11-00066-BLG-DWM<br><br>ORDER<br><br>**FILED**<br>JUL 01 2011<br>PATRICK E. DUFFY, CLERK<br>By_____<br>DEPUTY CLERK, MISSOULA |

This matter comes before the Court on Plaintiff Todd Horob's Complaint and letter conveying his inability to pay the fees and court costs associated with this case. (Dkt. 1). This matter was reassigned to the undersigned on June 17, 2011. (Dkt. 4).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Along with his Complaint, Mr. Horob included a letter indicating he could not pay his filing fees up front. (Dkt. 1-1). In a subsequent letter to the Clerk of Court, Mr. Horob indicated he will be able to pay the full filing fee but because he is still in transit he is currently indigent. The Court has construed these letters as a

motion to proceed in forma pauperis. Based upon the information in the correspondence, it appears Mr. Horob is unable to prepay the fees associated with this action at this time. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Horob is required to pay the statutory filing fee for this action of $350.00. The Court will assume Mr. Horob has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Horob will be directed to forward payments from Mr. Horob's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The Court will issue a collection order once Mr. Horob is permanently placed in a federal correctional institution.

## II. STATEMENT OF CASE

### A. Parties

Horob is a federal prisoner proceeding without counsel. The named

Defendants are the undersigned,[1] United States District Court Judge Richard F. Cebull, United States Magistrate Judge Carolyn Ostby, Court Reporter JoAnn Bacheller, Attorney Mark Werner, Attorney David Merchant II, and the Federal Defenders of Montana.

**B. Allegations**

Mr. Horob makes the following claims against defendants: "emotional distress, deceptive practice, conspiracy, fraud, protecting fraud, misconduct, altering and fabricating, misleading, false statements, punitive damages, without evidence of witnesses of testimony, depriving, tort claim, punishment, violating rights, decite." (Dkt. 1, p. 1).

He alleges Ms. Bacheller altered and fabricated the court record in his criminal trial. He contends the undersigned is protecting fraud, Judge Ostby lied to him and made misleading statements, and Judge Cebull issued a fraudulent

---

[1]Normally, when a judge is named as a defendant in a case to which he is assigned, the required action is to recuse oneself and have another judge decide the matter. § 455(b)(5)(i). However, "where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." Mellow v. Sacramento County, 2008 WL 2169447, at *3 (E.D.Cal., May 23, 2008), report and recommendation adopted by 2008 WL 3976873 (E.D.Cal., Aug. 21, 2008), aff'd 365 Fed.Appx. 57 (9th Cir. 2010); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks]"). As discussed below, the allegations involving the undersigned are as frivolous as the remainder of Horob's claims and recusal is therefore not required.

order. Lastly, he asserts the Federal Defenders of Montana, and attorneys Mark Werner and David Merchant protected the fraud of the Court and court reporter and sat on evidence that should have been filed in his criminal case. (Dkt. 1).

Mr. Horob seeks $25,000,000.00 in damages and prison time for defendants.

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Mr. Horob is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Bell, 127 S.Ct. at 1964-65. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th

Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

This is Mr. Horob's second complaint in less than one month raising identical allegations. See Civil Action 11-CV-00055-BLG-DWM. The one difference is he has named additional defendants in this case. As with his prior case, Mr. Horob's new Complaint is frivolous and will be dismissed.

The claims brought against myself, Judge Cebull, Judge Ostby and Joanne Bacheller are barred by judicial immunity, the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and/or collateral estoppel as set forth in the Court's Order of June 1, 2011 in Civil Action 11-CV-00055-BLG-DWM. There is no need to discuss these issues further.

The new defendants added to this Complaint are Attorneys Mark Werner and David Merchant and the Federal Defenders of Montana. There is no federal jurisdiction over any claims against federal public defenders since these lawyers did not act under color of federal law in their representation of Mr. Horob. Cox v. Hellerstein, 685 F.2d 1098, 1098-99 (9th Cir. 1982). As such, Mr. Horob cannot state a federal claim against his attorneys.

**IV. CONCLUSION**

Mr. Horob's claims are barred by judicial immunity, the Heck doctrine,

collateral estoppel, and/or he has failed to state a federal claim. These are not defects which could be cured by amendment. Accordingly, the Complaint will be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The question of whether a complaint dismissed pursuant to Heck, 512 U.S. 477 constitutes a strike is undecided in this circuit. Andrews v. Cervantes, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). Regardless, this dismissal constitutes a strike based upon Horob's malicious filings. The Ninth Circuit has advised that when assessing whether a case qualifies as a "strike" pursuant to section 1915(g), the terms "frivolous" and "malicious" must be defined by looking to their "ordinary, contemporary, [and] common meanings." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). This dismissal will be designated as a "strike" under this provision because Horob's case is malicious. Duplicative or repetitious litigation of the same causes of action brought by prisoners proceeding in forma pauperis is subject to dismissal under 28 U.S.C. § 1915(e) as malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). Similarly, an in

forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915. See Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. Horob's claims are duplicative and they have been dismissed before. See Criminal Action No. 08-CR-00093-BLG-RFC and Civil Action Nos. 10-CV-00037-BLG-RFC and 11-CV-00055-BLG-DWM. As such, this Complaint constitutes a malicious filing qualifying as a Mr. Horob's second strike.

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Horob's claims fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

**ORDER**

1. Horob's Motion for Leave to Proceed in forma pauperis (Dkt. 1) is granted. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on June 13, 2011.

3. Horob's Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the

Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Horob's Complaint is frivolous, malicious, and fails to state a claim upon which relief may be granted.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Horob's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

6. Horob's Motion to set a hearing (Dkt. # 6) is DENIED as moot.

DATED this 1st day of July, 2011.

Donald W. Molloy
United States District Court Judge